Yongjin Lee, Esq. [SBN:217768]
Sung Woo Choi, Esq. [SBN: 243927]
**LOGOS PROFESSIONAL LAW CORPORATION**
Equitable Building
3435 Wilshire Blvd., Ste. 1810
Los Angeles, CA 90010
Phone: (213) 814 -2442
Fax: (213) 368-0488
Attorneys for Plaintiff,
Sang Hee LEE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sang Hee Lee, a Citizen of South Korea<br><br>Plaintiff,<br><br>vs.<br><br>Sarah M. Kendall, Chief<br>Immigrant Investor Program Office<br>U.S. Citizenship and Immigration Services<br>131 M Street NE<br>Washington, DC 20529<br><br>Kenneth T. (Ken) Cuccinelli, Senior Official Performing the Duties of the Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue NW<br>Washington, DC  20529 | Case No. 2:20-cv-00411 Lee<br><br><br>**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT** |

-1-

Chad F. Wolf, Acting Secretary
U.S. Department of Homeland Security
3801 Nebraska Ave NW
Washington, DC 20016

Donald Neufeld, Associate Director
California Service Center
U.S. Citizenship and Immigration
Services 24000 Avila Road
Laguna Niguel, CA 92677

                                         Defendants.

# COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

Plaintiff, Sang Hee LEE, through undersigned counsel, complains of the Defendants, Sarah M. Kendall, Chief, Immigrant Investor Program Office, U.S. Citizenship and Immigration Services; Kenneth T. (Ken) Cuccinelli, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; Chad F. Wolf, Acting Secretary, U.S. Department of Homeland Security; Donald Neufeld, Associate Director, California Service Center, U.S. Citizenship and Immigration Services, as follows:

## I.    PRELIMINARY STATEMENT

1. This is an action to compel Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a decision on a Form I-526, Immigrant Petition by Complaint provided by LOGOS PROFESSIONAL LAW CORP. Alien Entrepreneur, that was properly filed by Plaintiff, and received

by Defendant, U.S. Citizenship and Immigration Services ("USCIS"), on May 12, 2017.  Plaintiff received a simple Request for Clarification ("RFC") via email from USCIS on August 20, 2018 and responded to the RFC on August 29, 2018. Plaintiff has yet to receive a decision on her pending petition, despite multiple inquiries over the past 16 months after responded to the RFC while most of RFC are decided within a month. Plaintiff's petition has been pending for over 32 months and counting.  The average processing time posted by USCIS on its website for a Form I-526 petition is 32.5 to 49.5 months.  *See* USCIS Processing Time Information for the Immigrant Investor Program Office, available at https://egov.uscis.gov/processing-times/ (last visited Jan 13, 2020).  However, all other LOGOS PROFESSIONAL LAW CORPORATION represented I-526 petitions filed even prior to the Plaintiff's I-526 filing date, May 12, 2017, for the EB-5 project which Plaintiff joined as a limited partner – with the exception of Plaintiff's – have been approved by USCIS. Furthermore, considering that a very simple RFC was responded on August 29, 2017 and pending for 16 months beyond normal processing times, this unexplained delay is egregious and unreasonable, and Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on his long-pending petition without further delay.

## II.   **JURISDICTION**

2.     This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction

is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

3. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form I- 526, Immigrant Petition by Alien Entrepreneur. 8 C.F.R. § 204.6(k)clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form I- 526, Immigrant Petition by Alien Entrepreneur. 8 C.F.R. § 204.6(k).

4. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because issuing a decision on a Form I-526 Immigrant Petition by Alien Entrepreneur is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, Plaintiff is not challenging a decision on his petition, as no

decision has yet been made. Rather, Plaintiff seeks an order compelling Defendants to take action and render a decision. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case¸* 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

5. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, the delay of more than two years in rendering a decision on Plaintiff's petition is unreasonable.

6. Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare Defendants' failure to act on Plaintiff's Form I-526 Immigrant Petition by Alien Entrepreneur to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

### III. **VEUNUE**

7. Venue is proper in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought

in the district where Defendants reside and because many of the events or omissions giving rise to the claim occurred in this judicial district.

8. Moreover, Plaintiff's Form I-526 Immigrant Petitions by Alien Entrepreneur was received by USCIS California Service Center, which is located in Laguna Niguel, California. Thus, a substantial part of the events or omissions giving rise to the claim have occurred or will occur in this judicial district.

### IV. PARTIES

9. Plaintiff Sang Hee LEE, is a citizen of South Korea who resides in South Korea. Plaintiff is the Petitioner on a Form I-526, Immigrant Petition by Alien Entrepreneur filed with USCIS on May 12, 2017.

10. Defendant Sarah M. Kendall is the Chief of USCIS's Immigrant Investor Program Office ("IPO"). This suit is brought against Ms. Kendall in her official capacity, as the IPO is the component of USCIS responsible for adjudicating Form I-526 Petitions by Alien Entrepreneur.

11. Defendant Kenneth T. (Ken) Cuccinelli is the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services. This suit is brought against Senior Official Performing the Duties of the Director Cuccinelli in his official capacity, as USCIS is the component of the Department of Homeland Security ("DHS") responsible for adjudicating Form I-526 Petitions by Alien Entrepreneur.

12. Defendant Chad F. Wolf is the Acting Secretary of Homeland Security. This suit is brought against Acting Secretary Wolf in his official capacity, as he is charged with overseeing the actions of DHS, including determinations on Form I-526 Petitions by Alien Entrepreneur.

13. Defendant Donald Neufeld, Associate Director, USCIS California Service Center. This suit is brought against Associate Director Neufeld in his official capacity as he oversees all activities at Laguna, California (USCIS California Service Center) in which Plaintiff's I-526 Petition was filed on May 12, 2017.

## V. FACTS AND PROCEDURAL HISTORY

A. The EB-5 Immigrant Investor Program

14. Through passage of the Immigration Act of 1990, Congress created the USCIS Immigrant Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") Program. Pub. L. No.101-649, § 121(a), 104 Stat. 4978, 4989-90 (1990) (codified at INA§ 203(b)(5), 8 U.S.C. § 1153(b)(5)). The EB-5 Program's purpose is to stimulate the U.S. economy through job creation and capital investment by foreign investors. Under the EB-5 Program, foreign investors have the opportunity to obtain U.S. lawful permanent resident status for themselves, their spouses, and their minor unmarried children by making a certain level of capital investment and associated job creation or preservation in the United States. In 1993, Congress announced a related pilot program–now known simply as the "Immigrant Investor Program" –that introduced the concept of the "regional center." Department of Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations Act of 1993. Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874 (1992). Regional centers were designed to pool investor money in a defined industry and promote economic growth in a specific geographic area.

15. The regional center model within the Immigrant Investor Program offers an immigrant investor already-defined investment opportunities, thereby reducing his or her responsibility to identify acceptable investment vehicles. Either U.S. citizens or foreign nationals can operate regional centers, which can be any economic unit, public or private, that is engaged in the promotion of economic growth, improved regional productivity, job creation, or increased domestic capital investment.

16. The EB-5 Program has three principal elements: (1) the immigrant's investment of capital, (2) in a new commercial enterprise, (3) that creates jobs.

17. The statute governing the EB-5 Program provided that the immigrant investor must invest at least $1,000,000 in capital in a new commercial enterprise that creates not fewer than ten jobs. 8 U.S.C. § 1153(b)(5)(C)(i). An exception existed if the immigrant investor invests his or her capital in a new commercial enterprise that is principally doing business in, and creates jobs in, a "targeted employment area." In such case, the immigrant investor must invest a minimum of $500,000 in capital. 8 U.S.C. § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).

18. The statute governing the EB-5 Program defines a "targeted employment area" as, at the time of investment, a rural area or an area that has experienced unemployment of at least 150 percent of the national average rate. 8 U.S.C. § 1153(b)(5)(B)(ii). Under 8 C.F.R. § 204.6(i), a state government may designate a geographic or political subdivision within its boundaries as a targeted employment area based on high unemployment in that area.

19. A "commercial enterprise" is defined as "any for-profit activity formed for the ongoing conduct of lawful business." 8 C.F.R. § 204.6(e). Commercial enterprises established after November 29, 1990, are considered "new" commercial enterprises for purposes of the EB-5 Program. *Id.*

20. The job-creation requirement for EB-5 participants provides that the investment must create no fewer than ten full-time jobs in the United States for authorized workers, not including the immigrant investor, his or her spouse, and any sons or daughters the investor may have. 8 U.S.C. § 1153(b)(5)(A)(ii).

**B. Plaintiff's Form I-526 Petition under the EB-5 Program**

21. Pursuant to 8 C.F.R. §204.6(j), Ms. Sang Hee LEE ("Ms. LEE") has made a qualifying investment in a new commercial enterprise under the auspices of the Related New York City Metro Regional Center, LLC (the "RNYCMRC"), which will result in the indirect creation of ten or more jobs.

22. On December 4, 2013, Defendant USCIS approved Related New York City Metro Regional Center, LLC (the "RNYCMRC") for participation in the regional center pilot program as a designated regional center.

23. On August 30, 2016, HY Manhattan Tower A-9 LLC was created to aggregate up to $87.5 million of capital commitments, which will make a loan to Related Hudson Yards, LLC, that in turn will make a mirror loan of the EB-5 proceeds to HY Manhattan Tower LLC for the project of development and construction of a 69-story, approximately 1,270 feet tall office tower ("Project").

24. On July 11, 2016, USCIS approved the Project as a qualifying EB-5 investment as RNYCMRC had shown by a preponderance of the evidence that each new commercial enterprise and their investment in HY Manhattan Tower, LLC is likely to result in the creation of at least 17,102 jobs.

25. On March 22, 2017, Plaintiff, Ms. Sang Hee LEE, wired the amount of USD 560,000 from her KB Kookmin Bank account 577968-11-001756 to Signature Bank escrow account for Related Hudson Yards, LLC. HY Manhattan Tower A-9 LLC admitted Plaintiff as a limited partner.

26. On May 12, 2017, USCIS received Plaintiff's Form I-526, Immigrant Petition by Alien Entrepreneur. Plaintiff's application included all initial evidence necessary to accompany an I-526 petition. 8 C.F.R. § 204.6(j). Specifically, Plaintiff's I-526 submission included a completed Form I-526 with the appropriate filing fee of $3,675. 8 C.F.R. § 103.7(b)(1)(i)(W); a Project Memorandum supported by a Comprehensive Business Plan; and a Petitioner Memorandum establishing the lawful source of capital invested by the Plaintiff and tracing the remittance of Plaintiff's capital to the escrow account.

27. On May 16, 2017, USCIS issued an I-526 Receipt Notice with Case Number WAC1790328115.

28. The application was received by USCIS's California Service Center and subsequently transferred to the USCIS Immigrant Investor Program Office ("IPO") in Washington, D.C. The IPO was established as a program office to be devoted exclusively to EB-5 adjudications. *See* USCIS Executive Summary of Feb. 26, 2014 EB-5 Stakeholder Teleconference, *available at* https://www.uscis.gov/sites/default/files/USCIS/Outreach/Notes%20from%20Previous%20Engagements/PED-EB5-ExecSummary_02-26-14.pdf.

29. On August 20, 2018, USCIS issued a Request for Clarification via email requesting a response within 10 business days of the date of the email.

30. On August 29, 2018, Plaintiff responded to the RFC email with supporting documents via email.

31. On December 27, 2018, Plaintiff filed an inquiry requesting the current status of the case via email.

32. On February 8, 2019, Plaintiff filed a second inquiry requesting the current status of the case via email.

33. In response to Plaintiff's second case status inquiry, an unnamed IPO official stated in an e-mail dated February 11, 2019, that Plaintiff's case is "within normal processing time."

34. On February 25, 2019, Plaintiff filed an inquiry for the 3rd time, requesting the current status of the case via email.

35. On June 14, 2019, Plaintiff filed an ESCALATE inquiry for the 4th time, requesting the current status of the case via email.

36. In response to Plaintiff's fourth case status inquiry, an unnamed IPO official stated in an e-mail dated June 28, 2019, that Plaintiff's case "currently assigned to a USCIS Officer."

37. On August 8, 2019, Plaintiff called USCIS and talked to an unnamed official with the IPO who stated that Plaintiff's application is "currently under normal processing time with the IPO." The official responded that as of August 8, 2019 USCIS was currently reviewing the cases filed on 08/12/2015 or earlier.

38. According to information posted on USCIS's website as of January 7, 2020, the average processing time for a Form I-526 petition filed with the IPO is 32.5 to 49.5 months. See USCIS Processing Time Information for the Immigrant Investor Program Office, available at https://egov.uscis.gov/processing-times/ (last visited Jan 13, 2020). Plaintiff's application has now been pending for more than 32 months and counting.

39. However, all other LOGOS PROFESSIONAL LAW CORPORATION represented I-526 petitions field even prior to the Plaintiff's I-526 filing date, May 12, 2017, for the Project – with the exception of Plaintiff's – have been approved by USCIS.

40. Furthermore, considering that a very simple RFC was responded on August 29, 2017 and pending for 16 months beyond normal processing times, this

-11-

unexplained delay is egregious and unreasonable, and Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and issue a decision on his long-pending petition without further delay.

## VI. CAUSE OF ACTION

41. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-40 above.

42. Plaintiff's Form I-526 has been pending for more than 32 months, which amounts to a full year beyond normal processing times for Form I-526 petitions and a year and a half beyond Congress's preferred 180-day adjudication timeline. See 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.").

43. USCIS has approved all other petitions filed by immigrant investors in , with the sole exception of the Form I-526 Petition filed by Plaintiff. Defendants have failed to supply any reason for the disparate treatment accorded Plaintiff's petition.

44. Plaintiff has submitted multiple inquiries to the relevant USCIS authorities, but Defendants have offered no explanation for their persistent delay and no indication whether a decision on the petition is imminent. In fact, Defendants' responses to other limited partners for the EB-5 project which Plaintiff joined as a limited partner have been approved by USCIS. On August 29, 2017, via a simple RFC was responded and pending for 16 months beyond normal processing wherein unexplained delay is egregious and unreasonable.

45. Consequently, Plaintiff seeks to compel Defendants to make a decision on his long-pending I-526 petition without further unreasonable delay. The relief sought is not discretionary, but mandatory. See 8 U.S.C. § 1153(b)(5)(A) ("Visas shall be made available … to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) ….") (emphasis added); see also Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiff does not have any alternative means to obtain a decision on his petition and his right to issuance of the writ is "clear and indisputable." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Matter of Sealed Case, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

46. Plaintiff has met all filing requirements for his Form I-526 petition. He filed in a timely manner and paid the appropriate fees. Nonetheless, due to the continued delay of Defendants, Plaintiff has had to wait more than 2 years and counting for a decision on his petition. Such an unreasonable and unexplained delay should be promptly remedied by this Court.

48. As all administrative remedies have now been exhausted, and Plaintiff is suffering a continuing harm due to Defendants' persistent delay, there exists no other adequate remedy than the filing of this mandamus complaint. Accordingly, Plaintiff respectfully urges this Court to assume jurisdiction and compel Defendants and those acting under them to render a decision on his Form I-526 petition.

## VII. **CLAIMS**

49. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002); see also Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 113 (D.D.C. 2005). Plaintiff meets these criteria.

50. First, Plaintiff has a clear right to the relief requested, as he has fully complied with all the statutory and regulatory requirements for filing a Form I-526 petition, including the submission of all necessary initial documentation and the payment of all required fees. Defendants have willfully and unreasonably failed to make a decision or provide any information about the status of the petition other than that it remains pending with the IPO. Defendants are required by regulation to make a decision on Plaintiff's petition. See 8 C.F.R. § 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision ….). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

51. Second, Defendants have a clear duty to act upon and make a decision on Plaintiff's I-526 petition. This duty is owed under the INA and the federal regulations and, by charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the application. See INA § 286(m); 8 C.F.R. § 103.7(b)(1). See also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily

little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); Manmohanjit Singh v. Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

52. Although there is no statutory deadline for rendering a decision on a Form I-526 petition, there is a nondiscretionary duty to take such action within a reasonable period of time. *See* 5 U.S.C. §§ 555(b), 706(1). Defendants have failed to perform this duty and have, in fact, far exceeded their own estimated processing times.

53. Third, the Court should compel Defendants to issue a decision on Plaintiff's long-pending petition, because no other adequate remedy is available to Plaintiff. Defendants have inexplicably and unreasonably failed to perform their clear duty to act. Despite Plaintiff's filing of all necessary documentation, payment of all required fees, and submission of inquiries through multiple channels,1 no decision or explanation for the continued delay has been issued. Plaintiff has now exhausted all available administrative remedies and mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

54. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., Liu, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); Saleem v. Keisler, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same).

55. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. See TRAC v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any

-15-

impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." Saleem, 520 F. Supp. 2d at 1058-59. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. Considering all of these factors, Defendants' delay is plainly unreasonable.

56. As Defendants have failed to carry out their mandatory duty to make a decision on Plaintiff's Form I-526 petition, and have unreasonably delayed action for more than two years without stated justification, and as Plaintiff has exhausted all available administrative remedies, this Court should instruct Defendants to make a decision on Plaintiff's petition without further unreasonable delay. *See* 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

57. Defendants' delay is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## VIII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Compel Defendants and those acting under them to perform their duty to render a decision on Plaintiff's Form I-526 petition without further delay;
2. Enter a declaratory judgment that Defendants' unreasonable delay violates the INA, federal regulations, and the APA, and that such delay is arbitrary and capricious;
3. Grant reasonable attorney's fees and costs to Plaintiff under the Equal Access to Justice Act; and
4. Grant such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted this 14th day of January 2020,

**LOGOS PROFESSIONAL LAW CORPORATION**

_____
Sung Woo Choi
Attorney for Plaintiff
Sang Hee Lee